IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT GLENN HEAD,

    Petitioner,

vs.                                                         No. CV 16-00885 JCH/WPL

DIRECT EXPRESS COMPANY,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER is before the Court under 28 U.S.C. § 2241 on the petition for Writ of Habeas Corpus filed by Petitioner Herbert Glenn Head on August 1, 2016 (Doc. 1). The Court will dismiss Head's Petition for lack of jurisdiction.

    Head has filed this as a request for issuance of a writ of habeas corpus. (Doc. 1). Habeas corpus proceedings are governed by the provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (the "AEDPA"). As Head has been previously advised, a petition under § 2254 attacks state custody of a petitioner on the grounds that custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court has an ongoing duty to determine the existence of proper jurisdiction and must dismiss the action if, at any time, it determines there is a lack of jurisdiction. *Tuck v. United Services Auto. Ass'n.* 859 F.2d 842, 844 (10th Cir. 1988); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). Under 28 U.S.C. § 2254, this Court may entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a) (emphasis added). The custody requirement is jurisdictional. *Mays v. Dinwiddie*, 580 F.3d 1136, 1138-1139 (10th Cir. 2009).

Head is proceeding pro se under 28 U.S.C. § 2254 and has named the Direct Express Company as Respondent in this proceeding. However, the proper respondent in a proceeding for writ of habeas corpus is the warden or superintendent of the state institution in which the petitioner is confined. *Smith v. Idaho,* 392 F.3d 350 (9th Cir. 2004); *Copeland v. Mississippi,* 415 F.Supp. 1271 (N.D. Miss. 1976); *Spradling v. Maynard,* 572 F.Supp. 398 (W.D. Okla. 1981). Under 28 U.S.C. § 2254, habeas corpus relief is only available against the state officer having custody of the plaintiff. *Bridges v. Chambers,* 425 F.3d 1048, 1049 (7th Cir.2005); *Smith v. Idaho, 392 F.3d at 354-55; see, also,* rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts). The Court lacks jurisdiction over a habeas petition when the state official having custody under a state court judgment is not named as respondent. *Hopkins v. Chicago,* 358 F.Supp. 1202 (N.D. Ill. 1973). Head is not in the custody of the Direct Express Company as required by 28 U.S.C. § 2254, the claims he raises are not cognizable in a habeas corpus proceeding. The Court lacks jurisdiction to grant habeas corpus relief against the Direct Express Company.

The Court could construe Head's petition as asserting a claim pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, even construing Head's claims as *Bivens* claims, the Petition still does not state a claim for relief. *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). To the extent the Direct Express Company could be considered to be acting as an agent of the United States in administering federal benefits for the Social Security Administration, any *Bivens* claim for damages against the


Direct Express Company would also fail. *See, e.g., Beattie v. Boeing Co.*, 43 F.3d 559 (10th Cir. 1994) (holding that allegations against a federal contractor for failing to provide a security clearance did not state a *Bivens* claim for relief).  If Head believes that the Social Security Administration and the Direct Express Company wrongfully deprived him of benefits, his initial remedy is through an administrative proceeding before the Social Security Administration, not through a habeas corpus proceeding or *Bivens* action.

The Court lacks jurisdiction over Head's Petition because his is not in custody of the Direct Express Company. *Mays v. Dinwiddie*, 580 F.3d at 1138-1139.  The Court will not construe Head's Petition as a claim under *Bivens*, nor will the Court grant Head leave to amend because Head cannot state a claim for relief against the Direct Express Company and any amendment would be futile.  *Hall v. Bellmon*, 935 F.2d at 1109.  The Court also determines that Head has failed to make a substantial showing of denial of a constitutional right and the Court will deny a Certificate of Appealability under 28 U.S.C. § 2253(c)(2) and rule 11 of the Rules Governing Section 2254 Proceedings.

This is the third proceeding Head has filed in this Court relating to the alleged failure of the Social Security Administration and the Direct Express Company to pay him Social Security benefits through an electronic benefit account administered by the Direct Express Company.  In *Herbert Glenn Head v. Social Security Administration*, No. CV 16-00531 JCH/LF, Head filed a petition for writ of habeas corpus against the Social Security Administration.  In *Herbert G. Head v. Social Security Department*, No. CV 16-00844 WJ/SCY, Head filed a 42 U.S.C. § 1983 civil rights complaint against the Social Security Administration.  Both of his prior cases have been dismissed for failure to state a claim and as frivolous.  Therefore, at this time, the Court will impose filing restrictions, restricting Head from initiating further litigation in this Court arising

out of the alleged failure of the Social Security Administration and the Direct Express Company to pay him Social Security benefits through an electronic benefit account administered by the Direct Express Company, and the Clerk is directed to return without filing any initial pleading the he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Head first obtains permission to proceed *pro se* from the Court.

**IT IS ORDERED** that the petition for Writ of Habeas Corpus filed by Petitioner Herbert Glenn Head on August 1, 2016 (Doc. 1) is **DISMISSED** for lack of jurisdiction and a Certificate of Appealability is **DENIED** under rule 11 of the Rules Governing Section 2254 Proceedings.

**IT IS FURTHER ORDERED THAT FILING RESTRICTIONS** are imposed against Head.  Head is prohibited from initiating further litigation in this Court arising out of the alleged failure of the Social Security Administration and the Direct Express Company to pay him Social Security benefits through an electronic benefit account administered by the Direct Express Company, and the Clerk is directed to return without filing any initial pleading the he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Head first obtains permission to proceed *pro se* from the Court.  To obtain permission to proceed *pro se,* Head must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of whether to permit filing of the *pro se* original proceeding.  Without the Chief Magistrate Judge's approval and the

concurrence of a District Judge, the Clerk will be directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

```
                                              _____
                                              UNITED STATES DISTRICT JUDGE
```